**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARD CLARK,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:17-CV-670-B** |
| | ) | |
| **WARDEN D.J. HARMON,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This action was referred to the United States Magistrate Judge pursuant to the provisions

of Title 28, United States Code, Section 636(b), as implemented by an Order of the United States

District Court for the Northern District of Texas. The Findings, Conclusions and

Recommendation of the United States Magistrate Judge follow:

**I. Factual Background**

Petitioner is an inmate in the federal prison system. He filed this petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2241. Respondent is Warden D. J. Harmon.

On November 8, 2010, Petitioner was convicted in the Northern District of Oklahoma of

wire fraud, securities fraud, conspiracy, aiding and abetting, and money laundering. *United

States v. Clark*, No. 09-CR-00013 (N.D. Okla. Nov. 8, 2010). He was sentenced to a total of 151

months in prison. His conviction and sentenced were affirmed on direct appeal.

Petitioner filed a petition to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

On May 11, 2015, the district court denied the petition. On May 24, 2016, the Tenth Circuit

Court of Appeals denied a certificate of appealability.  *Clark v. United States*, No. 15-5124 (10th

Cir. May 24, 2016).  Petitioner also sought leave from the Tenth Circuit to file a successive

§ 2255 petition.  On July 29, 2016, the Tenth Circuit denied leave to file a successive petition.  *In*

*re Clark*, No. 16-5081 (10th Cir. Jul. 29, 2016).

On March 3, 2017, Petitioner filed the instant § 2241.  He challenges his conviction based

on the Supreme Court's decision in *Luis v. United States*, 136 S.Ct. 1083 (2016).  In *Luis*, the

Court held that the pretrial restraint of a defendant's untainted assets that the defendant needs to

retain his counsel of choice violates the Sixth Amendment.

## II.  Discussion

Title 28 U.S.C. § 2241 is typically used to challenge the manner in which a sentence is

executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  Title 28 U.S.C. § 2255, on the

other hand, is the primary means under which a federal prisoner may collaterally attack the

legality of his conviction or sentence.  *See Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111,

1113 (5th Cir. 1990).  Section 2241, however, may be used by a federal prisoner to challenge the

legality of his or her conviction or sentence if he or she can satisfy the requirements of the § 2255

"savings clause."    The savings clause states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to
> apply for relief by motion pursuant to this section, shall not be entertained if it appears
> that the applicant has failed to apply for relief, by motion, to the court which sentenced
> him, or that such court has denied him relief, unless it also appears that *the remedy by*
> *motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (2001) (emphasis added).

The petitioner bears the burden of showing that the § 2255 remedy is inadequate or

ineffective.  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (quoting *Pack v.*

*Ysuff*, 218 F.3d 448, 452 (5th Cir. 2000)). The Fifth Circuit has stated, "§ 2241 is not a mere substitute for § 2255 and [ ] the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*, 243 F.3d at 901; *see also, Pack*, 218 F.3d at 453 ("[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy.").

The savings clause of § 2255 applies to a claim (I) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. The Fifth Circuit makes clear that to fall under the savings clause, the decision that the petitioner is relying on "must be retroactively applicable on collateral review." *Reyes-Requena*, 243 F.3d at 904 (citing *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999)).

In this case, Petitioner relies on the Supreme Court's decision in *Luis v. United States*, 136 S.Ct. 1083 (2016). Petitioner, however, has cited no case holding that *Luis* applies retroactively on collateral review, nor has the Court found any such case. Petitioner has therefore failed to show that his claims are (I) based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. *See Reyes-Requena*, 243 F.3d at 904. The petition under 28 U.S.C. § 2241 should be dismissed.

## III.  Recommendation

For the foregoing reasons, the Court recommends that Petitioner's habeas corpus petition

under 28 U.S.C. § 2241 be dismissed with prejudice.

Signed this 10th day of May, 2017.


PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).